**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 13-4078**

—————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

FREDRICK LAMAR MCBRIDE,

             Defendant - Appellant.

—————

Appeal from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, Senior District Judge. (2:09-cr-01223-PMD-1)

—————

Submitted: July 9, 2013          Decided: July 15, 2013

—————

Before WILKINSON, GREGORY, and KEENAN, Circuit Judges.

—————

Affirmed by unpublished per curiam opinion.

—————

Jessica Salvini, SALVINI & BENNETT, LLC, Greenville, South Carolina, for Appellant. Robert Nicholas Bianchi, OFFICE OF THE UNITED STATES ATTORNEY, Nathan S. Williams, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fredrick Lamar McBride appeals the 188-month sentence imposed following his guilty plea on remand to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006).[*] On appeal, McBride's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the sentence imposed by the district court on remand was reasonable. McBride was advised of his right to file a pro se supplemental brief but did not file one. Finding no error, we affirm.

The sole issue raised in the Anders brief is whether McBride's sentence on remand was reasonable. In reviewing a sentence, we must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. Gall v. United States, 552

---

[*] We previously affirmed McBride's conviction for possession of a firearm or ammunition by a convicted felon but vacated his sentence on that conviction; we also vacated his convictions for the instant § 841(a)(1) charge and a charge of possession of a firearm in furtherance of a drug trafficking crime and remanded for additional proceedings. See United States v. McBride, 676 F.3d 385 (4th Cir. 2012). The "possession in furtherance" charge was dismissed on remand pursuant to a plea agreement between McBride and the Government.

U.S. 38, 51 (2007). Once we have determined that there is no procedural error, we must consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Id. If the sentence imposed is within the appropriate Guidelines range, we consider it presumptively reasonable. United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008). The presumption may be rebutted by a showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). Upon review, we conclude that the district court committed no procedural or substantive error in imposing the 188-month sentence on remand. United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010) (providing standard of review).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's amended judgment. This court requires that counsel inform McBride, in writing, of his right to petition the Supreme Court of the United States for further review. If McBride requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McBride. We dispense with oral argument because

3

the facts and legal conclusions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED